FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 6 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHRISTOPHER KRIEG,

                      Plaintiff,                                    **ORDER**
                                                              **14 CV 4434 (SLT)(LB)**
            -against-

DET. GERARD BAYRODT, RYAN LANE, SERGEANT
MICHAEL HEALY, NELDRA ZEIGLER, and
THE CITY OF NEW YORK,

                      Defendants.
----------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff, who is a paraplegic and incarcerated, brings this civil rights action alleging that

Defendants violated his constitutional rights by failing to accommodate his disability when

arresting, transporting, and detaining him. Plaintiff initially filed his *pro se* complaint in the

United States District Court for the Southern District of New York, but, on July 21, 2014, the

case was transferred to this Court because Plaintiff's initial complaint mentioned a precinct in

Brooklyn. (ECF No. 4.) *Pro bono* counsel has now appeared for Plaintiff and moves to transfer

this matter back to the Southern District. (ECF No. 36.)

        Pursuant to 28 U.S.C. § 1391(e), the proper venue for a federal civil rights action lies in a

judicial district in which: (1) the defendant resides; (2) a substantial part of the events

complained of occurred; or (3) the plaintiff resides. A federal district court may transfer a civil

action "to any other district or division where it might have been brought" when transfer will

serve "the convenience of the parties and witnesses" or furthers "the interest of justice." 28

U.S.C. § 1404(a).

        As clarified in Plaintiff's Amended Complaint, (ECF No. 35), a substantial portion of the

events occurred in the Southern District of New York. The investigation that led to Plaintiff's

arrest occurred in the Special Narcotics Division in Manhattan. Although Plaintiff was arrested in Brooklyn and transported to the 60th Precinct in Brooklyn, he was thereafter transported to Central Booking and Bellevue Hospital Center in Manhattan, and Detective Bayrodt currently works in a Manhattan precinct. Moreover, substantial weight must be given to Plaintiff's choice of forum, which was the Southern District. See Myers v. Lennar Corp., No. 08-CV-799 (JFB), 2010 WL 1992200, at *3 (E.D.N.Y. May 17, 2010) ("[T]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly.") (internal quotation marks omitted).

In light of Plaintiff's choice of forum and that a significant portion of the events underlying Plaintiff's complaint occurred in Manhattan, this action is hereby transferred to the United States District Court for the Southern District of New York. The Clerk of Court shall file and docket the Amended Complaint, however, an amended summons shall not issue from this Court, which I leave to the Clerk of the transferee Court. That provision of Rule 83.1 of the Local Rules for the Eastern District of New York which requires a seven-day delay is waived.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: May 6, 2015
       Brooklyn, New York